## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

Z.C., BY HIS MOTHER, STEPHANIE C.,

      Plaintiff,

    v.                                      Case No: 20cv807

THE MADISON METROPOLITAN SCHOOL DISTRICT,

      Defendant.

## COMPLAINT

NOW COMES the plaintiff, Z.C., by his mother, Stephanie C., by Paul A. Kinne of Gingras, Thomsen & Wachs, who hereby submits the following:

### NATURE OF PROCEEDINGS

1.    This case is being brought pursuant to Title II of the Americans with Disabilities Act and the Rehabilitation Act, whereby the plaintiff alleges that the Madison Metropolitan School District discriminated against the plaintiff by depriving him of educational opportunities on account of his disability and subjecting to him abuse because of his disability.

### JURISDICTION AND VENUE

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because all claims arise under federal law.

1

3.     Venue is proper under 28 U.S.C. § 1391 in that all of the acts alleged to have been committed by the defendant occurred within the Western District of Wisconsin.

## PARTIES

4.     Plaintiff Z.C. is a minor resident of the State of Wisconsin, and at all times relevant hereto, has resided within the Madison Metropolitan School District boundaries.

5.     Stephanie C. is Z.C.'s mother and one of his legal guardians.

6.     Defendant Madison Metropolitan School District (MMSD) is a public school district organized and operated under the laws of the State of Wisconsin.

## FACTUAL BACKGROUND

7.     In 2010, Z.C. (a male) was born to Stephanie C.

8.     Z.C. is disabled.  He suffers from autism spectrum disorder, generalized anxiety disorder, disruptive mood dysregulation disorder, attention deficit hyperactivity disorder (combined type) and sensory processing disorder.  Z.C. has the coping skills of a very young child or toddler.  His impulses often overwhelm him.

9.     At all times relevant to this case, Z.C. has attended the MMSD, specifically at Thoreau Elementary School.

10.    On September 10, 2019, MMSD staff at Thoreau removed Z.C. from a school assembly.  School staff grabbed Z.C. under the armpits and carried him out of the assembly.

2

11.     Stephanie C. did not receive a timely report of the use of a restraint or the use of force.

12.     Later in September, 2019, MMSD employee and Thoreau Elementary School Principal David Bray suspended Z.C. from school.

13.     Bray denied Stephanie C. access to the suspension report for over two weeks.

14.     In October, 2019, Z.C. entered the school library.  Bray cornered Z.C. When Z.C. reacted, the child accidentally knocked over a book display.  Bray left the books in a pile to shame Z.C.  Z.C. was punished by having an educational aide refuse to read to him.

15.     On October 25, 2019, Stephanie C. met with Brian Holmquist, an administrator at MMSD, and MMSD social worker Laura Glaub to discuss Stephanie C.'s concerns.  Holmquist and Glaub promised Stephanie C. that an investigation would be conducted into Bray's conduct, and that he would not be allowed to engage in any response to children behavior while their investigation went forward.

16.     On October 29, 2019, at a school assembly, Bray picked Z.C. up under both armpits the arm and shoved him.  Z.C. panicked and ran away.

17.     Later that same morning, Bray pulled Z.C. to the floor, pulling his hair. During the restraint, Bray ignored Z.C.'s cries of pain.

18.     On information and belief, Bray had a history at MMSD of engaging in uses of excessive force against students.

19.     On November 4, 2019, Bray resigned from his position.

20.     On November 7, 2019, school officials unlawfully restrained Z.C. in a seclusion room.  Zane was suspended from school for his reaction to this unlawful restraint.

21.     Stephanie C. did not receive the seclusion report in a timely fashion with respect to the November 7 suspension.

22.     The conduct described above has had dramatic, adverse impacts on Z.C. He has suffered emotionally and psychologically.  His behavior worsened.  His grades fell.

23.     MMSD receives federal funds.

**Z.C.'S FIRST CAUSE OF ACTION AGAINST MMSD -
VIOLATION OF THE ADA AND THE REHABILITATION ACT**

24.     Plaintiff Z.C. restates the previous paragraphs as if set forth fully herein.

25.     By engaging in the conduct described above, the MMSD violated Z.C.'s rights by discriminating against him on account of his disability, as prohibited by the ADA and the Rehabilitation Act.

26.     By engaging in the conduct described above, the MMSD violated the ADA and the Rehabilitation Act when it knowingly allowed a hostile learning environment to exist at the MMSD that adversely affected Z.C.'s academic achievement, on account of his disability.  That is, the MMSD acted toward Z.C. in bad faith or with gross misjudgment.

27.     The MMSD intentionally excluded Z.C. from educational opportunities because of his disability.

28.     The hostile and discriminatory environment has caused Z.C. severe and permanent economic, physical and emotional injuries.

WHEREFORE, the plaintiff requests a trial by jury along with the following relief:

A.     Unspecified compensatory damages;

B.     Any injunctive relief that the Court may deem just and proper to award;

C.     An award of Plaintiffs' reasonable attorneys' fees and costs incurred in this action;

D.     Pre- and post-judgment interest; and

E.     Any other such relief as the Court may deem appropriate.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this _____ day of September, 2020.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff


s/ Paul A. Kinne
Paul A. Kinne
State Bar Number:  1021493

8150 Excelsior Drive
Madison, WI  53717
Phone:  (608) 833-2632
Fax:  (608) 833-2874
Email: kinne@gtwlawyers.com